IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PACO SPORT, LTD., a New York
corporation,

Case No.: **05 - 23317**

Plaintiff,

v.

CIV - UN~~GARO~~ B~~ENAGES~~

TEXTILE CENTER, INC., a Florida
corporation, ZAKARIA A. BILLOO,
an individual, and MOHAMMED A.
SIDDIQ, an individual,

MAGIS~~TRATE JUDGE~~
O ~~SULLIVAN~~

Defendants.

_____/

## COMPLAINT

Plaintiff, PACO SPORT LTD. ("Paco"), sues Defendants, TEXTILE CENTER, INC.

("Textile"), ZAKARIA A. BILLOO ("Billoo"), and MOHAMMED A. SIDDIQ ("Siddiq")

(collectively, "Defendants"), and alleges:

### Nature of Action

1.      This is a classic case of willful trademark infringement based on Defendants'

wholesale copying of Plaintiff's PACO™ brand jeans and trade dress. This Complaint alleges in

five counts that Defendants committed: (1) false designation of origin in connection with the

PACO trademark in violation of §43(a)(1)(A) of the Lanham Act; (2) false designation of origin

in connection with Plaintiff's distinctive PACO trade dress in violation of §43(a)(1)(A) of the

Lanham Act; (3) dilution under of §495.151, Fla. Stat.; (4) trademark infringement in violation

of the common law of Florida, and (5) unfair and deceptive trade practices in violation of

§501.204, Fla. Stat.

1

Kluger, Peretz, Kaplan & Berlin, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131  305.379.9000



## The Parties

2.      Paco Sport, LTD. is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, N.Y.

3.      Textile Center, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 7845 Northwest 148th St., Miami Lakes, FL 33016.

4.      Defendant Billoo is an individual, who upon information and belief, resides in this judicial district and is President and Director of Textile Center, Inc.

5.      Defendant Siddiq is an individual, who upon information and belief resides in this judicial district and is Vice President, Secretary and Director of Textile Center, Inc.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this action pursuant to: (a) 28 U.S.C. §1331 because this is an action arising under the laws of the United States, (b) 28 U.S.C. §1332(a) because the parties are diverse and the amount in controversy exceeds $75,000, and (c) 28 U.S.C. §1367 providing for supplemental jurisdiction over the state law claims.

7.      Defendants are subject to the personal jurisdiction of this Court pursuant to Fla. Stat. §48.193(1)(a) and (b) because Defendants operate, conduct, engage in, or carry on a business venture in this state, and the causes of action alleged herein arise from such conduct. Additionally, Defendants committed the tortious acts described below in this state.

8.      Venue is proper is this District pursuant to 28 U.S.C. §1391(b) because Defendants reside in this judicial district and because a substantial part of the events give rise to the claims alleged herein occurred in this judicial district.

## Factual Allegations

2

9.      Paco is an established, widely recognized and popular manufacturer, wholesale seller and designer of apparel.  Since 1989, Paco has been marketing and selling jeans, shirts and other articles of clothing throughout the United States, Puerto Rico and the Caribbean under the marks: (a) PACO, (b) PACO SPORT, (c) PACO BASIC, (d) PACO JEANS, (e) PACO AUTHENTIC, (f) PACO INTERNATIONAL and (g) various other design marks.

10.     Over the past 16 years, Paco has sold over ten million (10,000,000) PACO brand garments generating over $140,000,000 in revenue.

11.     In 2004, Paco spent over $950,000 on advertising, and since its inception has spent over $7,500,000 on advertising.

12.     Paco advertises in magazines and on billboards, radio, television and at trade shows.

13.     Through its extensive media coverage and advertising, consumers recognize the PACO mark and associated trade dress as designating a single source of high quality apparel and clothing.

14.     Paco has strong common law rights in the PACO mark for use on apparel and clothing.

15.     As shown in Composite Exhibit "A" attached hereto, PACO jeans have an inherently distinctive trade dress (the "PACO Jeans Trade Dress"), comprised of, among other features:

- A large, brightly colored, predominately red, highly stylized hang tag (the "Large Hang Tag"), containing, among other features, (a) a stylized PJ logo, (b) an embossed stylized version of the mark PACO Jean Co., (c) a horizontal block containing 4 colored squares followed by two forward slashes and the geographic names, New York, Paris, London, Amsterdam, Frankfurt, Cologne, and Tokyo, (d) the slogan "Masters of Style Comfort and Fit"; and (e) the words "Premium Standard Quality."

3

{W:\Lit\0110\0619\M0272406 v.1; 12/23/2005  12:02 PM}

- A smaller brightly colored, predominately red, highly stylized hang tag, containing all of the same features of the Large Hang Tag except for the stylized PJ logo and the words "Premium Standard Quality" which do not appear thereon;

- A brightly colored, predominately red, highly stylized price tag attached to the back of the garment containing among other features: (a) the mark PACO Jean Co., (b) a vertical block containing 4 colored squares followed by the geographic names, New York, Paris, London, Amsterdam, Frankfurt, Cologne, and Tokyo, and (c) the statements "This Garment Has Exceeded Our Rigorous Quality and Standards" and "Premium Standard Quality";

- An interior label containing a stylized P followed by the words "PACO Jean Co.";

- A grey leather patch on the belt line of the garment containing blue bars, white stitching and a prominent silver colored raised metal circular plate;

- Stylized buttons containing the PACO mark and stars;

- Distinctively cut front pockets with a stylized label running diagonally up the front right pocket;

- Distinctive stylized gold and red stitching on the back pockets; and

- A pewter colored metal insignia plate on the back left pocket.

16.     The PACO Jeans Trade Dress is inherently distinctive or has acquired secondary meaning.

### Defendants' Infringement

17.     Upon information and belief, Textile is a relative new comer to the apparel business having commenced operations in or about 2002.

18.     Textile has not yet developed a well known brand and is not well known in the apparel industry.

4

{W:\Lit\0110\0619/M0272406 v.1; 12/23/2005  12:02 PM}

19.     Long after Paco established its common law rights in the PACO mark and the PACO Jeans Trade Dress, Textile began marketing and selling counterfeit PACO Jeans under the trademark DACO and incorporating virtually every feature of the PACO Jeans Trade Dress.

20.     Textile's DACO brand jeans were intentionally designed to imitate, copy and counterfeit PACO jeans.

21.     Textile's use of the mark DACO is likely to cause confusion, mistake or deception as to the affiliation, connection or association between Textile and Paco. Alternatively, Textile's use of the DACO mark is likely to mislead consumers into believing that DACO jeans are somehow sponsored by, endorsed by, or approved of by Paco or that Textile and Paco are affiliated.

22.     As shown in Composite Exhibit "B" attached hereto, Textile has copied virtually every element of the PACO Jeans Trade Dress, by incorporating the following:

- A large, brightly colored, predominately red, highly stylized hang tag (the "Infringing Large Hang Tag"), containing, among other features, (a) a stylized DJ logo, (b) an embossed stylized version of the mark DACO Jean Co., (c) a horizontal block containing 4 colored squares followed by two forward slashes and the geographic names New York, Paris, London, Amsterdam, Frankfurt, Cologne, and Tokyo, (d) the slogan "Makers of Style Comfort and Fit"; and (e) the words "Premium Standard Quality."

- A smaller brightly colored, predominately red, highly stylized hang tag, containing all of the same features of the Infringing Large Hang Tag except for the stylized DJ logo and the words "Premium Standard Quality" which do not appear thereon;

- A brightly colored, predominately red, highly stylized price tag attached to the back of the garment containing among other features: (a) the mark DACO Jean Co., (b) a vertical block containing 4 colored squares followed by the geographic names New York, Paris, London, Amsterdam, Frankfurt, Cologne, and Tokyo, and (c) the statements "This Garment Has Exceeded Our Rigorous Quality and Standards," and "Premium Standard Quality";

5

- An interior label containing a stylized D followed by the words "DACO Jean Co.";

- A grey leather patch on the belt line of the garment containing blue bars, white stitching and a prominent silver colored raised metal circular plate;

- Stylized buttons containing the DACO mark and stars;

- Distinctively cut front pockets with a stylized label running diagonally up the front right pocket;

- Distinctive stylized gold and red stitching on the back pockets; and
- A pewter colored metal insignia plate on the back left pocket.

23.     The striking similarities between the parties' marks and trade dress, including labels, stitching, buttons, leather patch and other design features makes clear that Defendants intentionally and willfully copied Plaintiff's PACO mark and PACO Jeans Trade Dress in a conscious and deliberate attempt to trade off the good will associated with the PACO brands.

24.     All conditions precedent to bringing this action have occurred or been waived.

25.     Paco has retained undersigned counsel in this matter and is obligated to pay said counsel a reasonable fee for its services.

**COUNT I**
**False Designation of Origin in Violation of**
**§43(a)(1)(A) of the Lanham Act**

26.     Paco reasserts and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27.     Textile's use of the mark DACO to market and sell jeans in interstate commerce constitutes a false designation of origin and/or false description or representation, which is likely to deceive and mislead consumers into believing that Textile's DACO brand jeans originate from Paco, or that it or its goods are otherwise affiliated with, licensed, sanctioned or endorsed by Paco.

6

28.     Textile's imitation and infringement of the PACO mark constitutes a violation of 15 U.S.C. §1125(a).

29.     Defendants Billoo and Siddiq are the active moving forces behind Textile's infringement, and are therefore jointly and severally liable with Textile for its tortious conduct.

30.     Paco has been damaged by Defendants' conduct as alleged herein.

WHEREFORE, Plaintiff requests the Court enter a judgment against each of the Defendants:

(A)     Preliminarily and permanently enjoining and restraining the Defendants and their partners, officers, servants, agents, employees, attorneys and representatives, and those parties acting in concert or participating with them, from using any mark confusingly similar to the PACO mark;

(B)     Ordering Defendants to pay Plaintiff an amount equal to the greater of three times Defendants' profits or three times Plaintiff's damages;

(C)     Ordering Defendants to make an accounting of all their costs and allowable deductions;

(D)     Ordering Defendants to pay Plaintiff's prejudgment interest;

(E)     Ordering Defendants to pay Plaintiff's reasonable costs;

(F)     Ordering Defendants to pay Plaintiff's reasonable attorneys' fees;

(G)     Ordering that all goods, labels, signs, prints, packages, wrappers, receptacles, documents, advertisements, plates, molds, matrices, in the possession of any of the Defendants or their agents, bearing a mark that is confusingly similar to the PACO mark be destroyed;

(H)     Ordering Defendants to prepare and file within thirty days of this Court's order a written report outlining how they have complied with this Court's order; and

(I)     Granting Plaintiff such other and further relief this Court deems just and proper.

7

## COUNT II
### False Designation of Origin
### §43(a)(1)(A) of the Lanham Act

31.     Paco reasserts and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

32.     The PACO Jeans Trade Dress is distinctive or has acquired secondary meaning and is not functional.

33.     Textile's DACO brand jeans copy and imitates virtually every element of the PACO Jeans Trade Dress.

34.     Textile's use of a colorable imitation or counterfeit of the PACO Jeans Trade Dress in interstate commerce constitutes a false designation of origin and/or false description or representation, which is likely to deceive and mislead consumers into believing that Textile's DACO brand jeans originate from Paco, or that its goods are otherwise affiliated with, licensed, sanctioned or endorsed by Paco.

35.     Textile's imitation and infringement of the PACO Jean Trade Dress constitutes a violation of 15 U.S.C. §1125(a).

36.     Defendants Billoo and Siddiq are the active moving forces behind Textile's infringement, and are therefore jointly and severally liable with Textile for its tortious conduct.

37.     Paco has been damaged by Defendants' conduct as alleged herein.

WHEREFORE, Plaintiff requests the Court enter a judgment against each of the Defendants:

(A)     Preliminarily and permanently enjoining and restraining the Defendants and their partners, officers, servants, agents, employees, attorneys and representatives, and

Kluger, Peretz, Kaplan & Berlin, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131  305.379.9000

{W:\Lit\0110\0619\M0272406 v.1; 12/23/2005  12:02 PM}

those parties acting in concert or participating with them, from using any trade dress that is confusingly similar to the PACO Jeans Trade Dress;

(B)     Ordering Defendants to pay Plaintiff an amount equal to the greater of three times Defendants' profits or three times Plaintiff's damages;

(C)     Ordering Defendants to make an accounting of all their costs and allowable deductions;

(D)     Ordering Defendants to pay Plaintiff's prejudgment interest;

(E)     Ordering Defendants to pay Plaintiff's reasonable costs;

(F)     Ordering Defendants to pay Plaintiff's reasonable attorneys' fees;

(G)     Ordering that all goods, labels, signs, prints, packages, wrappers, receptacles, documents, advertisements, plates, molds, matrices, in the possession of any of the Defendants or their agents, bearing trade dress that is confusingly similar to the PACO Jeans Trade Dress;

(H)     Ordering Defendants to prepare and file within thirty days of this Court's order a written report outlining how they have complied with this Court's order; and

(I)     Granting Plaintiff such other and further relief this Court deems just and proper.

## COUNT III
### Injury to Business Reputation and Dilution
### §495.151, Fla. Stat.

38.     Paco reasserts and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

39.     Textile's use of the DACO mark and the colorable imitation of the PACO Jeans Trade Dress is likely to injure Paco's business reputation or dilute the distinctive quality of the PACO mark and the PACO Jeans Trade Dress.

40.     Defendants Billoo and Siddiq are the active moving forces behind Textile's dilution, and are therefore jointly and severally liable with Textile for its tortious conduct.

9

WHEREFORE, Plaintiff requests the Court enter a judgment against each of the Defendants:

(A)     Preliminarily and permanently enjoining and restraining the Defendants and their partners, officers, servants, agents, employees, attorneys and representatives, and those parties acting in concert or participating with them, from using any mark or dress that is confusingly similar to the PACO mark or to the PACO Jeans Trade Dress;

(B)     Ordering that all goods, labels, signs, prints, packages, wrappers, receptacles, documents, advertisements, plates, molds, matrices, in the possession of any of the Defendants or their agents, bearing a mark or dress that is confusingly similar to the PACO mark or PACO Jeans Trade Dress be destroyed;

(C)     Ordering Defendants to prepare and file within thirty days of this Court's order a written report outlining how they have complied with this Court's order; and

(D)     Granting Plaintiff such other and further relief this Court deems just and proper.

## COUNT IV
## Common Law Trademark Infringement and Trade Dress Infringement

41.     Paco reasserts and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

42.     Paco has common law trademark rights in the PACO mark and the PACO Jeans Trade Dress.

43.     Textile's marketing and sale of DACO brand jeans incorporating a colorable imitation or counterfeit of the PACO Jeans Trade Dress is likely to deceive and mislead consumers into believing that Textile's DACO brand jeans originate from Paco, or that Textile's goods are otherwise affiliated with, licensed, sanctioned or endorsed by Paco.

10

44.     Textiles' DACO brand jeans infringe Paco's rights in the PACO mark and PACO Jeans Trade Dress.

45.     Defendants Billoo and Siddiq are the active moving forces behind Textile's infringement and are therefore jointly and severally liable with Textile for its tortious conduct.

46.     Paco has been damaged by Defendants' conduct as alleged herein.


WHEREFORE, Plaintiff requests the Court enter a judgment against each of the Defendants:

(A)     Preliminarily and permanently enjoining and restraining the Defendants and their partners, officers, servants, agents, employees, attorneys and representatives, and those parties acting in concert or participating with them, from using any mark or dress that is confusingly similar to the PACO mark or the PACO Jeans Trade Dress;

(B)     Ordering Defendants to pay Plaintiff an amount equal to the greater of three times Defendants' profits or three times Plaintiff's damages;

(C)     Ordering Defendants to make an accounting of all their costs and allowable deductions;

(D)     Ordering Defendants to pay Plaintiff's prejudgment interest;

(E)     Ordering Defendants to pay Plaintiff's reasonable costs;

(F)     Ordering Defendants to pay Plaintiff's reasonable attorneys' fees;

(G)     Ordering that all goods, labels, signs, prints, packages, wrappers, receptacles, documents, advertisements, plates, molds, matrices, in the possession of any of the Defendants or their agents, bearing a mark or dress that is confusingly similar to the PACO mark or PACO Jeans Trade Dress be destroyed;

11

(H)     Ordering Defendants to prepare and file within thirty days of this Court's order a written report outlining how they have complied with this Court's order; and

(I)     Granting Plaintiff such other and further relief this Court deems just and proper.

## COUNT IV
### Unfair and Deceptive Trade Practices
### §501.204, Fla. Stat.

47.     Paco reasserts and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

48.     Defendants false designations of origin, trademark infringement, trade dress infringement and trademark and trade dress dilution constitute unfair and deceptive trade practices within the meaning of §501.204, Fla. Stat.

49.     Defendants Billoo and Siddiq are the active moving forces behind Textile's unfair and deceptive trade practices, and are therefore jointly and severally liable with Textile for its tortious conduct.

50.     Paco has been damaged by Defendants' conduct as alleged herein.

WHEREFORE, Plaintiff requests the Court enter a judgment against each of the Defendants:

A.     Preliminarily and permanently enjoining and restraining the Defendants and their partners, officers, servants, agents, employees, attorneys and representatives, and those parties acting in concert or participating with them, from using any mark or dress that is confusingly similar to the PACO mark or the PACO Jeans Trade Dress;

12

B.      Ordering that all goods, labels, signs, prints, packages, wrappers, receptacles, documents, advertisements, plates, molds, matrices, in the possession of any of the Defendants or their agents, bearing a mark or dress that is confusingly similar to the PACO mark or PACO Jeans Trade Dress be destroyed;

C.      Awarding Plaintiff its actual damages, attorneys' fees and costs; and

E.      Granting Plaintiff such other and further relief this Court deems just and proper.

Kluger, Peretz, Kaplan & Berlin, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131  305.379.9000

{W:\Lit\0110\0619/M0272406 v.1; 12/23/2005  12:02 PM}

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**Kluger, Peretz, Kaplan and Berlin, P.L.**
Attorneys for Plaintiffs
201 S. Biscayne Blvd.
Miami, FL 33131
Phone: (305) 379-9000
Fax: (305) 379-3428

By: _____

    Michael B. Chesal, Esq.
    Fla. Bar. No. 775398
    mchesal@kpkb.com
    M. Keith Lipscomb, Esq.
    Fla. Bar No. 429554
    klipscomb@kpkb.com

Of Counsel:

Rubin Ferzinger, Esq.
708 Third Ave.
New York, New York 10017
Phone: (212) 490-8585
Fax: (212) 697-5207

14

{W:\Lit\0110\0619\M0272406 v.1; 12/23/2005  12:02 PM}

COMPOSITE EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

### CASE NO. *05-23317-CV-UUB*
### DE# *1*

☐  **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

_____

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
  consisting of (boxes, notebooks, etc.)_____
☐ BOUND EXTRADITION PAPERS
☐ ADMINISTRATIVE RECORD (Social Security)
☐ ORIGINAL BANKRUPTCY TRANSCRIPT
☐ STATE COURT RECORD (Habeas Cases)
☐ SOUTHERN DISTRICT TRANSCRIPTS
☐ LEGAL SIZE
☐ DOUBLE SIDED
☒ PHOTOGRAPHS
☐ POOR QUALITY (e.g. light print, dark print, etc.)
☐ SURETY BOND (original or letter of undertaking)
☐ CD's, DVD's, VHS Tapes, Cassette Tapes
☐ OTHER = _____







# COMPOSITE EXHIBIT "B"













℀JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

PACO SPORT LTD., a New York corporation,

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael B. Chesal, Esq. (Kluger, Peretz, Kaplan & Berlin, P.A.
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131- (305) 379-9000

## DEFENDANTS

TEXTILE CENTER, INC. a Florida corporation, ZAKARIA A. BILLOO, an individual, MOHAMMED A. SIDDIQ, an individual.

County of Residence of First Listed Defendant    Miami Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☑ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Remanded from Appellate Court
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE                    DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

False Designation of Origin, 15 U.S.C. 1125(a)

LENGTH OF TRIAL via **5** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Greater than $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   Mich web Chesal

DATE   December 27, 2005

**FOR OFFICE USE ONLY**

AMOUNT $250.00   RECEIPT # 922559   IFP